IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ANTHONY THORPE<br><br>　　Plaintiff,<br><br>v.<br><br>GWR FLAT ROCK PARTNERS, LLC and GWR MANAGEMENT, LLC<br>　　Defendants. | CIVIL ACTION FILE NO.<br>4:23-CV-00176<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff, ANTHONY THORPE, and files this First Amended Complaint against GWR Management, LLC and GWR Flat Rock Partners, LLC ("Defendants"), respectfully demanding a trial by jury and alleging the following:

### PARTIES AND JURISDICTION

1. Plaintiff, Anthony Thorpe, is a citizen and resident of the State of Georgia. Mr. Thorpe submits himself to the jurisdiction of this Court.

2. At all times relevant hereto, Defendant GWR Management, LLC was a foreign limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas.

3. At all times relevant hereto, Defendant GWR Flat Rock Partners, LLC was a foreign limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas.

4. At all times relevant hereto, Defendants owned, controlled, and managed the apartment complex named Trails at Flat Rock located at 6254 Warm Springs Rd., Columbus, Muscogee County, Georgia 31909 (hereinafter, the "Property").

5. The torts, wrongs, and injuries complained of herein occurred in Muscogee County, Georgia.

6. Defendants are subject to personal jurisdiction in this Court based on their ownership and management of the Property and their actions and omissions complained of herein occurring in Muscogee County, Georgia.

7. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff resided in Unit A24 at the Property (hereinafter, "Plaintiff's Residence").

10. On October 12, 2022 a fire occurred at the Property (hereinafter, the "Fire").

11. The Fire originated in the unit adjacent to Plaintiff's Residence.

12. Plaintiff was trapped in his unit by the Fire by the time he became aware of the Fire.

13. Smoke and flames from the Fire prevented Plaintiff from egressing the Property through the front door of his unit.

14. Plaintiff's Residence did not have a safe, secondary means of egress in case of a fire.

15. Plaintiff was thus forced to self-evacuate to avoid the Fire by jumping out of a third-story window.

16. Plaintiff sustained severe injuries as a result of jumping out of the third-story window to avoid the Fire.

17. At all times relevant hereto, the automatic sprinkler system servicing the Property was not properly mounted, installed, maintained, or functioning at the time of the Fire.

18. At all times relevant hereto, the Property did not have adequate fire containment, fire proofing, or fire resistant materials in the space between the Plaintiff's Residence and the apartment in which the Fire originated.

19. At all times relevant hereto, the Plaintiff's Residence was not equipped with an accessible, functional fire extinguisher.

20. Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property alleged herein.

21. Defendants failed to warn or adequately warn Plaintiff of the extremely dangerous conditions at the Property alleged herein.

22. Defendants failed to take any action to remediate the dangerous conditions at the Property despite actual knowledge of those dangerous conditions.

23. At all times relevant hereto, Defendants had the non-delegable duty and responsibility to ensure that the Property and Plaintiff were reasonably safe from foreseeable harm; comply with all requirements of the applicable building, housing, and fire codes; and make all repairs and do whatever is reasonably necessary to put and keep the Property and Plaintiff's Residence in a safe, fit, and habitable condition, including removing, preventing, or warning of conditions that cause, create, or contribute to fires or the spread of fire or prevent persons from receiving a warning of a fire.

24. Defendants exercised absolute control over the maintenance, upkeep, inspection, and/or repair of the Property, and knew or should have known of the fire and safety hazards at the Property.

## COUNTS

### COUNT I – NEGLIGENCE

25. Plaintiff adopts and re-alleges paragraphs 1-23 above, and incorporates them as if stated verbatim herein.

26. Pursuant to O.C.G.A. §§ 51-3-1, 44-7-13, and other applicable Georgia law, Defendants had a non-delegable duty of ordinary care owed to Plaintiff to keep the Property and Plaintiff reasonably safe from foreseeable harm and to do whatever was reasonably necessary to put and keep the Property and Plaintiff's Residence in a safe, fit, and habitable condition, including removing, preventing, or warning of conditions that cause, create, or contribute to fires, the spread of fire, or inhibit persons from safely egressing the Property during a fire.

27. Defendants breached their duty of ordinary care by failing to properly install, repair, maintain, use, test, and/or inspect the automatic sprinkler system, the fire containment building materials, the fire extinguishers, and safe paths of egress at the Property and in Plaintiff's Residence.

28. Defendants' failure to properly install, repair, maintain, use, test, and/or inspect the automatic sprinkler system, the fire containment building

materials, the fire extinguishers, and safe paths of egress at the Property and in Plaintiff's Residence was negligence.

29. These, and other acts or omissions of Defendants, were the direct and proximate cause, or the contributing cause, of the injuries to Plaintiff arising out of the Fire.

30. Plaintiff is entitled to damages for his injuries caused by Defendants' negligence alleged herein in an amount to be determined by the enlightened conscience of a jury.

## **COUNT II – NEGLIGENT FAILURE TO WARN**

31. Plaintiff adopts and re-alleges paragraphs 1-30 above, and incorporates them as if stated verbatim herein.

32. Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property and in Plaintiff's Residence, alleged herein.

33. Defendants had a duty to Plaintiff to warn him of the dangerous conditions at the Property and in Plaintiff's Residence of which Defendant was aware or should have been aware.

34. Defendants breached that duty by failing to warn or adequately warn Plaintiff of the extremely dangerous conditions at the Property and in Plaintiff's Residence alleged herein.

35. Defendants' failure to warn or adequately warn Plaintiff of the extremely dangerous conditions at the Property and in Plaintiff's Residence was negligence.

36. These and other acts or omissions of Defendants were the direct and proximate cause, or the contributing cause, of the injuries to Plaintiff arising out of the Fire.

37. Plaintiff is entitled to damages for his injuries caused by Defendants' negligence alleged herein in an amount to be determined by the enlightened conscience of a jury.

## COUNT III – NEGLIGENCE *PER SE*

38. Plaintiff adopts and re-alleges paragraphs 1-37 above, and incorporates them as if stated verbatim herein.

39. Pursuant to Georgia law and the local and state fire and building codes, including but not limited to: O.C.G.A. §§ 25-2-1, *et seq.*; Ga. Comp. R. & Regs. 120-3-3-.04; the International Fire Code; the National Electric Code, and the International Building Code, the Defendants owed a duty of reasonable care to Plaintiff to properly install, repair, maintain, test, and/or inspect, the Property, Plaintiff's Residence, the automatic sprinkler system, the fire containment building materials, the fire extinguishers, and safe paths of egress at the Property.

40. The purpose of the Georgia laws and regulations and the local fire, building, residential, and construction codes is to protect tenants such as the Plaintiff from injuries from residential fires. Plaintiff is a member of the class of persons protected by these laws, codes, and ordinances.

41. Defendants knew or should have known that the Property and Plaintiff's Residence was not equipped with a properly functioning automatic sprinkler system, fire containment building materials, fire extinguishers, and safe paths of egress at the Property.

42. These and other conditions and/or failures at the Property and Plaintiff's Residence, which the Defendants knew or should have known about, were dangerous conditions that violated local and state laws, rules, regulations, and/or codes.

43. By violating Georgia law and the governing local and state fire and building codes Defendants breached their statutory duty of care to Plaintiff, which caused or contributed to injuries of Plaintiff and the damages complained of herein.

44. The actions described above and other acts or omissions committed by Defendants directly and proximately caused the incident and/or the injuries suffered by Plaintiff.

45. Plaintiff is entitled to damages for his injuries caused by Defendants' negligence alleged herein in an amount to be determined by the enlightened conscience of a jury.

### COUNT IV – DAMAGE TO PERSONALTY (O.C.G.A. § 51-10-1)

46. Plaintiff adopts and re-alleges paragraphs 1-45 above, and incorporates them as if stated verbatim herein.

47. By negligently inspecting, servicing, maintaining, and repairing the Property and Plaintiff's Residence as described herein, Defendants directly and proximately destroyed or damaged Plaintiff's personal property in the residence at the time of the Fire thereby unlawfully depriving Plaintiff of possession of that property.

48. As a direct and proximate result of the aforesaid unlawful deprivation by Defendants, Plaintiff sustained damages, including the cost to replace the damaged personal property.

### COUNT V – PUNITIVE DAMAGES

49. Plaintiff adopts and re-alleges paragraphs 1-48 above, and incorporate them as if stated verbatim herein.

50. As set forth herein, Defendants' failure to properly and safely install, inspect, service, maintain, and repair the Property shows willful and intentional misconduct, gross negligence, reckless indifference, and that

entire want of care which raises the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to punitive damages pursuant to O.C.G.A. § 15-12-5.1.

## COUNT VI – EXPENSES OF LITIGATION

51. Plaintiff adopts and re-alleges paragraphs 1-51 above, and incorporates them as if stated verbatim herein.

52. Defendants have acted in bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.

53. Defendants are thus liable for, and Plaintiff makes claim for, Plaintiff's expenses of litigation, including court and litigation costs, and attorneys' fees pursuant to O.C.G.A. § 13-6-11 and other applicable law.

## DAMAGES

54. Plaintiff adopts and re-alleges paragraphs 1-53 above, and incorporates them as if stated verbatim herein.

55. As a result of Defendants' conduct, Plaintiff suffered the following damages:

   a. Physical injuries;
   b. Emotional and mental anguish and suffering;
   c. Loss of enjoyment of life;
   d. Economic losses, wages, and benefits;

  e. Past, present and future medical and related expenses; and

  f. Past, present and future pain and suffering.

56. The negligence and other alleged acts and/or omissions of Defendants were the direct and proximate cause, and/or contributing cause, of the injuries to Plaintiff described herein.

57. The acts and/or omissions of all Defendants constitute combined, concurrent, and joint negligence for which all Defendants are jointly and severally liable to the Plaintiff.

58. As a result of Defendants' negligence, recklessness, willfulness, and wanton conduct, Plaintiff is entitled to an award of actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

  **WHEREFORE,** Plaintiff respectfully prays for:

  a. Judgment against Defendants for all actual, consequential, and punitive damages, together with interest as allowed by law;

  b. All costs and disbursements of this action to be taxed against Defendants;

  c. An award of attorney's fees;

  d. **Trial by jury**; and

  e. That Plaintiff have other such relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED, this the 28th day of December, 2023.

**MORGAN & MORGAN**

*/s/ Max Compton*
_____
William Maxwell Compton
Georgia Bar No. 380092
Counsel for Plaintiff

200 Stephenson Ave.
Suite 200
Savannah, GA 31405
(912) 443-1017 - Direct
(912) 443-1184 – Facsimile
MCompton@forthepeople.com